SÁNCHEZ, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage and Assigning Curable Defects.

No. 343.—Decided April 18, 1918.

MORTGAGE—JOINT INTEREST—USUFRUCT—LIEN—NAKED OWNERSHIP.—It appearing from the registry that the mortgaged joint interest is subject to the lawful usufruct of a widow, it is evident that the owner of the joint interest has only a naked ownership therein, which is what he can mortgage for the time being. The fact that the interested parties did not specifically create such usufruct upon the said property cannot change the legal character of the usufruct, which is a mere lien, so that the widow's usufruct may be understood also as subject to the mortgage.

ID.—ID.—VALUATION—CONSENT.—It appearing from the registry that the owners of a property valued it at $16,840 and one of the joint owners having valued his share at $2,105, which represents one-eighth of the property and is the part which he recorded, he is not required to prove the consent of the co-owners to that valuation as only a simple arithmetical calculation is involved.

The facts are stated in the opinion.

*Mr. Francisco Soto Gras* for the appellant.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

A certain property is recorded in the Registry of Property of San Juan in two parts, half in the name of a widow as ganancial property and the other half in the name of her four children as joint owners in equal shares by inheritance

from their father who was the husband of the said widow. One of the children mortgaged his interest and when the mortgagee presented the mortgage deed in the registry for record the acting registrar recorded the mortgage except as to the usufructuary right which, according to the registry, the widow had in the whole property, including, therefore, the interest affected by the mortgage, and refused to record the mortgage as to the said usufructuary right because it was not recorded in the name of the mortgagor, who had only a reversionary interest therein.

The only ground for reversal alleged by the mortgagee in the appeal taken from the ruling of the registrar is that since the interested parties did not specifically create the usufruct upon the said property and therefore it affects the property as it affects any other part of the estate, it is a mere lien which does not prevent the creation of other liens, and it cannot be said that the heirs have agreed to separate the usufruct from the naked ownership.

It appearing from the registry that the mortgaged joint interest is subject to the lawful usufruct of the widow, it is evident that the owner of such joint interest has only a naked ownership therein, which is all that he can mortgage for the time being; and the fact that the interested parties did not specifically create such usufruct upon the said property cannot change the legal character of the usufruct into a mere lien, as contended by the appellant, so that the widow's usufruct may be understood also as subject to the mortgage. Consequently the registrar was right in refusing to record the mortgage in so far as it includes the usufruct.

The other ground of appeal is that it was erroneously assigned as a curable defect in the record that the consent of the other co-owners to the valuation which the mortgagor put upon his joint interest was not shown.

The registrar was wrong as to this; for it appearing from the registry that the owners of a property valued it at $16,840 and one of the joint owners having valued his share

at $2,105, which represents one-eighth of the property and
is the part which he recorded, he was not required to prove
the consent of the co-owners to that valuation as only a
simple arithmetical calculation is involved.

The decision appealed from should be affirmed as to the
refusal and reversed as to the assignment of the curable
defect.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, del Toro and
Hutchison concurred.